# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## NORTHERN DIVISION

VICTOR D. VICKERS, JR.          )
                                )
        Petitioner,             )
                                )
        v.                      )          No. 2:26-CV-34 HEA
                                )
ANGELA MESMER,                  )
                                )
        Respondent.             )

## MEMORANDUM AND ORDER

This matter is before the Court on Petitioner Victor D. Vickers, Jr.'s Motion

for Temporary Restraining Order ("TRO").   (ECF No. 5).   Respondent opposes the

motion, which is fully briefed and ripe for review. The Court has reviewed the

Petition for Writ of Habeas Corpus and the exhibits attached thereto; the Motion for

TRO and its supporting memoranda; and Respondent's opposition memorandum

and exhibits. Being fully advised in the premises, the Court will deny Petitioner's

Motion for TRO.[1]

---

[1]Petitioner did not file a motion for a hearing on his Motion for TRO. The parties did file extensive briefs on Petitioner's motion and the claims in his Petition for Writ of Habeas Corpus. Further, there are no disputes of material facts. The Court finds a hearing on Petitioner's Motion for TRO is not needed. *Branstad v. Glickman*, 118 F. Supp. 2d 925, 936 (N.D. Iowa 2000) ("[a] TRO, which may be granted *ex parte*, plainly does not require an adversarial hearing.") (citing Fed. R. Civ. P. 65(b)). The Court will decide Petitioner's Motion for TRO based upon the parties' filings and the record in this case.

## *I. Background*

Petitioner, a state prisoner currently in custody of the State of Missouri, seeks immediate release from state custody. Petitioner asserts that he is being held in custody in violation of his federal right to due process, because the State of Missouri refuses to honor his jail-time credits as calculated by the trial judge who sentenced him. Petitioner maintains that he is being illegally detained because, under the intent of the Jackson County sentencing judgment, he should have been discharged from prison on December 20, 2023. Petitioner also asserts that he is currently being held in custody in violation of his federal right to due process because he was approved for a good-time credit release date of August 27, 2025, but the parole board unlawfully interfered with and denied his good time credit release date. Finally, Petitioner also points to the fact that on April 7, 2026, Missouri's governor signed into law Missouri Senate Bill 888 ("SB 888"), which repeals the jail time credit statute, Missouri Revised Statute § 558.031. Petitioner argues, "[b]ecause the new version of the statute will give immediate effect to Mr. Vickers' sentencing judgment, and because the new version of the statute expressly provides that a writ of habeas corpus is the appropriate remedy, this Court can enter an equitable order in the interests of justice to secure Mr. Vickers' immediate release from custody." (ECF No. 5 at 4).

2

## II. Temporary Restraining Order Standard

In determining whether to issue a TRO, the Court must consider four factors: (1) the likelihood the moving party will succeed on the merits, (2) the threat of irreparable harm to the moving party; (3) the balance between this harm and the injury that granting the injunction will inflict on other parties; and (4) the public interest. *Kroupa v. Nielsen*, 731 F.3d 813, 818 (8th Cir. 2013); *see also Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109, 113 (8th Cir. 1981) (en banc)). The inquiry is "whether the balance of equities so favors the movant that justice requires the court to intervene to preserve the status quo until the merits are determined." *Dataphase Systems, Inc.*, 640 F.2d at 113.

The likelihood of success is the most important factor. *Roudachevski v. All-Am. Care Centers, Inc.*, 648 F.3d 701, 706 (8th Cir. 2011). This factor directs courts to ask whether the party requesting a preliminary injunction has a "fair chance of prevailing." *Planned Parenthood Minnesota, N. Dakota, S. Dakota v. Rounds*, 530 F.3d 724, 732 (8th Cir. 2008) (en banc). Even when a plaintiff has a strong claim on the merits, however, "[f]ailure to demonstrate irreparable harm is a sufficient ground to deny a preliminary injunction." *Phyllis Schlafly Revocable Tr. v. Cori*, 924 F.3d 1004, 1009 (8th Cir. 2019) (quoted case omitted). "Irreparable harm occurs when a party has no adequate remedy at law, typically because its injuries cannot be fully compensated through an award of damages." *Gen. Motors*

3

*Corp. v. Harry Brown's, LLC*, 563 F.3d 312, 319 (8th Cir. 2009). The moving party

bears the burden to establish the need for injunctive relief. *Chlorine Inst., Inc. v. Soo*

*Line R.R.*, 792 F.3d 903, 914 (8th Cir. 2015).

### III. Discussion

The Court will first address Petitioner's likelihood of success on the merits.

Petitioner must demonstrate a "fair chance," not necessarily "greater than fifty

percent," that he will ultimately prevail on one of the claims for relief in his habeas

petition. *Cigna Corp. v. Bricker*, 103 F.4th 1336, 1343 (8th Cir. 2024) (quoting

*Heartland Acad. Cmty. Church v. Waddle*, 335 F.3d 684, 690 (8th Cir. 2003).

Pursuant to 28 U.S.C. § 2254, a district court "shall entertain an application

for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment

of a State court only on the ground that he is in custody in violation of the

Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). "[I]n a

§ 2254 habeas corpus proceeding, a federal court's review of alleged due process

violations stemming from a state court conviction is narrow." *Anderson v. Goeke*,

44 F.3d 675, 679 (8th Cir. 1995). "[A]n application for a writ of habeas corpus on

behalf of a person in custody pursuant to the judgment of a State court shall not be

granted with respect to any claim that was adjudicated on the merits in State court

proceedings unless the adjudication of the claim (1) resulted in a decision that was

contrary to, or involved an unreasonable application of, clearly established Federal

4

law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). "'A state court's decision is contrary to ... clearly established law if it applies a rule that contradicts the governing law set forth in [Supreme Court] cases or if it confronts a set of facts that are materially indistinguishable from a [Supreme Court] decision ... and nevertheless arrives at a [different] result.'" *Cagle v. Norris*, 474 F.3d 1090, 1095 (8th Cir. 2007), *as amended* (Feb. 22, 2007) (quoting *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003)). The Supreme Court has emphasized the phrase "Federal law, as determined by the Supreme Court," refers to "the holdings, as opposed to the dicta, of this Court's decisions," and has cautioned that § 2254(d)(1) "restricts the source of clearly established law to [the Supreme] Court's jurisprudence." *Williams v. Taylor*, 529 U.S. 362, 412 (2000). A state court "unreasonably applies" federal law when it "identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case," or "unreasonably extends a legal principle from [the Supreme Court's] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." *Williams*, 529 U.S. at 407.

5

In his Petition, Petitioner asserts the following four claims for relief:

**Claim One**: [Petitioner] is entitled to immediate release from custody because the intent of the sentencing judgment should have resulted in his conditional release on December 20, 2023, and forcing him to serve more time in prison than the amount of time intended by the sentencing court is a direct violation of the Due Process Clause of the United States Constitution, as it affects the knowing and voluntary nature of his *Alford* plea.

**Claim Two** – [Petitioner] is entitled to immediate release because he has served his entire prison term and is entitled to conditional release under the 2026 amendment to Mo. Rev. Stat. § 558.031, which took authority from [the Missouri Department of Corrections] in calculating jail time credit in placed it in the hands of sentencing courts and provided a savings clause for an inmate who did not properly receive credit for jail time awarded by a sentencing court, thereby putting teeth into [Petitioner]'s 2022 sentencing judgment that awarded him 3,767 days of jail time credit.

**Claim Three** – [Petitioner] is entitled to immediate release from confinement because he was approved for a Time Credit Release date of August 27, 2025, and the Parole Board unlawfully and arbitrarily deprived [Petitioner] of his Time Credit Release date in violation of his right to due process.

**Claim Four** – [Petitioner] was deprived of his right to due process because the Parole Board's decision to deny his Time Credit Release was *ultra vires* in that the Parole Board exceeded its statutory authority by its use of a rescinded regulation to deny release.

(ECF No. 1 at 11-12).

It is not clear from Petitioner's Motion for TRO or memoranda in support under which claims he is seeking a TRO. In analyzing Petitioner's likelihood of success on the merits, the Court will address all four claims.

6

**A. Claim One – Jail-Time Credits**

In Claim One, Petitioner argues that he is entitled to immediate release because the Missouri Department of Corrections ("MDOC") is forcing him to serve more time in prison than the amount of time intended by the sentencing court.   He points to the fact that the sentencing judge ordered that he should receive 3,767 days of jail-time credit, but MDOC is only crediting him 2,695 days. Petitioner contends that this amounts to a violation of due process, "as it affects the knowing and voluntary nature of his *Alford* plea." (ECF No. 1 at 11).

On April 14, 2022, Petitioner entered an *Alford* plea on charges of Voluntary Manslaughter, Armed Criminal Action, and Assault Second Degree in the Circuit Court of Jackson County, Missouri.   He was sentenced 15 years for Voluntary Manslaughter, 15 years for Armed Criminal Action, and 7 years for Assault Second Degree, with the sentences to run concurrently.   In the judgment, the circuit court judge wrote the following:

> IT IS FURTHER ORDERED that Defendant be given credit for 3,767 days against the sentences imposed today. This calculation includes all time spent awaiting trial in this case in the Jackson County Detention Center, all time spent in federal custody in 12-00283-06-CR-W-DW, and all time spent in the Missouri Department of Corrections since 2016 for the previously imposed sentence life imprisonment in this case. The court specifically finds that the defendant would have been in custody of either the Jackson County detention center or the Missouri Department of Corrections for the sentences imposed herein during the entire time that Defendant was in the custody of the federal authorities

7

in connection with case 12-00283-06-CR-W-D W referenced in the preceding paragraph.

(ECF No. 1, Ex. 2 at 2).

After arriving at MDOC, Petitioner learned that MDOC was providing only 2,695 days of jail-time credit.  On April 8, 2023, Petitioner filed a petition for declaratory judgment in the Circuit Court of Cole County, Missouri seeking a declaration that he was entitled to 1,072 additional days of jail-time credit under Missouri Revised Statute § 538.031.

On April 17, 2024, the circuit court granted summary judgment in MDOC's favor. Citing *Farish v. Missouri Department of Corrections*, 416 S.W.3d 793, 798 (Mo. 2013), the circuit court found that although the sentencing judge purported to award jail-time credit for the time Petitioner was in federal custody, that portion of the judgment of conviction and sentence had no legal effect because under Missouri Revised Statute § 558.031, the calculation of jail-time credit is an administrative function of MDOC, and a sentencing judge had no authority to award jail-time credit. The circuit court further found that Petitioner's entitlement to jail-time credit was subject to the statute that was in effect at the time of his August 16, 2011 offenses, and Petitioner was not eligible to jail-time credit for the time spent in federal custody unless that time was "compelled exclusively" by Missouri, a test Petitioner could not satisfy because his federal custody was caused, at least in part, by the action of the

8

federal government. *See State ex rel. Bailey v. Davis*, 705 S.W.3d 568, 571 (Mo. Ct. App. 2024), *reh'g and/or transfer denied* (Dec. 24, 2024), *transfer denied* (Mar. 4, 2025) (summarizing trial court's ruling in declaratory judgment action).

On May 28, 2024, Petitioner filed a notice of appeal. On July 19, 2024, after Petitioner had filed his appeal in the declaratory judgment action but before there was a ruling, Petitioner filed a petition for writ of habeas corpus in the Circuit Court of Dekalb County, Missouri. In his state habeas petition, Petitioner claimed that MDOC's failure to give him jail-time credit for the 1,072 days he spent in federal custody was unlawful under Missouri Revised Statute § 558.031.1, because his state and federal charges were related. Petitioner claimed that he was entitled to immediate release "because the intent of the sentencing judgment would have resulted in Mr. Vickers being released from custody from December 20th, 2023, any further prolonged detention is a blatant violation of due process." *Vickers v. Brewer*, No. 24DK-CC00028 (Jul. 17, 2024). He also claimed that he was entitled to immediate release because MDOC miscalculated his applicable jail time credits, and he was entitled to receive 3,767 days of jail time credit as a matter of law. *Id.*

On August 28, 2024, the Honorable Drew F. Davis granted the writ of habeas corpus and ordered Petitioner released from custody. Judge Davis wrote the following:

9

> It is clear that the sentencing Court intended for Petitioner to serve a fifteen year sentence, reduced by 3,767 days, which equates to a reduction of 10.32 years. It is also clear that if Petitioner had served the sentence which the sentencing court intended for him to serve, Petitioner would have been released from prison prior to today.

*Vickers v. Brewer*, No. 24DK-CC00028 (Aug. 28, 2024).

The State of Missouri filed a petition for a writ of prohibition, which the Missouri Court of Appeals for the Western District granted. *State ex rel. Bailey*, 705 S.W.3d at 570. The Court of Appeals ruled that the basis for relief asserted in the petition for writ of habeas corpus was indistinguishable from the basis for relief sought in the declaratory judgment action. *Id.* at 575. It further found that there had been a judgment on the merits in the declaratory judgment action and, therefore, Petitioner's claim for relief in his petition for writ of habeas corpus was precluded by the judgment in the declaratory judgment action under the principles of *res judicata. Id.* Petitioner filed an application for transfer to the Missouri Supreme Court, which was denied on March 4, 2025. *State ex rel. Bailey v. Davis*, Case No. SC100911.

On February 4, 2025, the Missouri Court of Appeals for the Western District affirmed summary judgment in the declaratory judgement action.   The appeals court wrote the following: "[b]ecause Vickers failed to establish that his time in federal custody was compelled exclusively by the state of Missouri, the circuit court did not err in granting summary judgment in favor of [MDOC] on Vickers's

declaratory judgment petition for jail-time credit." *Vickers v. Missouri Dep't of Corr.*, 706 S.W.3d 297, 303 (Mo. Ct. App. 2025).   The Court of Appeals also ruled that under the express terms of the statute, a 2023 amendment to § 558.031 did not apply. *Id.*

A federal court does not have jurisdiction to issue a writ of habeas corpus to a person in state custody unless the inmate "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254.   Petitioner frames his claim in Claim One as a violation of due process under the U.S. Constitution in that he is being forced to serve more time in prison than he was sentenced by the sentencing judge. Missouri courts, however, have ruled that sentencing judges do not have the authority to calculate jail time credits under Missouri Revised Statute § 538.031. *See Farish v. Missouri Dep't of Corr.*, 416 S.W.3d 793, 798 (Mo. 2013) (find "[a] sentencing court has no authority to award jail time credit."). In effect, Petitioner is challenging Missouri's jail time credit statutory provisions as they have been interpreted by Missouri's courts, including the Missouri Supreme Court.

The Court has carefully reviewed the Petition and underlying record and finds that Petitioner's claim in Claim One is not cognizable in a federal habeas proceeding, because it requires the Court to interpret Missouri's jail time credit statutory provisions, Missouri Revised Statute § 538.031. *See Travis v. Lockhart*, 925 F.2d

11

1095, 1097 (8th Cir. 1991) (vacating the denial of a habeas petition in which the petitioner sought jail-time credit and remanding to the district court for dismissal of the petition upon concluding "the interpretation of state crediting statutes is a matter of state concern and not a proper function of a federal court under its habeas corpus jurisdiction"); *Darden v. Vandergriff*, No. 4:25-CV-00961 HEA, 2025 WL 2308828, at *2 (E.D. Mo. July 2, 2025) (finding petitioner's claim for jail time credit under Mo. Rev. Stat. § 558.031 not cognizable in a federal habeas proceeding); *Shelby v. Blissett,* No. 4:25-CV-00169 JAR, 2025 WL 1088793, at *2 (E.D. Mo. Mar. 19, 2025) (same). *See also Poe v. Caspari*, 39 F.3d 204, 207 (8th Cir. 1994) (reversing the grant of a federal habeas petition in part because to resolve the petitioner's contention that his right to due process was violated, a federal habeas court would need to resolve whether the trial court had jurisdiction, a question not properly before a federal habeas court because it involved a matter solely of state law).   Petitioner is not likely to succeed on the merits as to the claim he raises in Claim One.

### B. Claim Two – SB 888

SB 888 was passed by the Missouri Legislature and signed into law on April 7, 2026. MO LEGIS S.B. 888 (2026).   In Claim Two, Petitioner asserts that he should be immediately released because SB 888 repeals Missouri's jail time credit statute, Missouri Revised Statute § 558.031. Petitioner, however, has not raised Claim Two in any Missouri court, and there is no record that a Missouri court has

12

even addressed the new statute.   The Court finds Petitioner's claim is unexhausted and, therefore, it is not reviewable in a federal habeas petition. 28 U.S.C. § 2254(b)(1)(A). *See also Stephen v. Smith*, 963 F.3d 795, 801 (8th Cir. 2020) ("to exhaust a federal claim, the petitioner must present the same facts and legal theories to the state court that he later presents to the federal courts.") (quotation and citation omitted).

Petitioner argues that his failure to exhaust is excused under § 2254(b)(1)(B)(ii), because further state proceedings would be futile and ineffective.   In support of his argument, Petitioner points to the fact that Missouri courts have rejected his claims "at every level," and he argues that "there is no realistic possibility that returning to state court would produce a different or timely result." (ECF No. 11 at 3). Petitioner, however, does not argue that he is barred from bringing his new claim in state court and, moreover, Petitioner has had some success in persuading state court judges to rule in his favor – albeit, he has been reversed on appeal. Petitioner has not established that bringing his new claim in Missouri state courts would be futile. *Hawkins v. Higgins*, 898 F.2d 1365, 1367 (8th Cir. 1990).

Further, it appears that the provision of SB 888 that is relevant to Petitioner's claim does not take effect until January 1, 2028.   MO LEGIS S.B. 888 (2026). Petitioner is essentially asking the Court for an advisory opinion interpreting a new state statute. A federal § 2254 habeas petition is not the proper avenue for reviewing

13

a newly enacted state law that has not even taken effect. 28 U.S.C. § 2254 ("a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."). S*ee also Nunley v. Bowersox*, 394 F.3d 1079, 1081 (8th Cir. 2005) (explaining newly advanced claim regarding allegation of newly created state right should be addressed by state court first). Petitioner is unlikely to succeed on the merit in Claim Two.

**C.     Claims Three and Four – Good-Time Credits**

Petitioner also challenges the denial of good-time credits.   On May 22, 2025, Superintendent Clay Stanton of the Northeast Correctional Center signed a Time Credit Eligibility Form in which he certified to the Board of Probation and Parole ("Parole Board") that Petitioner meets the necessary statutory requirements for good time credit and consideration of Administrative Parole under Missouri Revised Statute § 558.041. Superintendent Stanton indicated that based on his conduct and program participation, Petitioner was eligible for a Time Credit Release date of August 27, 2025. (ECF No. 18, Ex. 1 at 1).   On July 8, 2025, the Parole Board denied consideration of Petitioner's Time Release Credit, and he is scheduled for release from confinement on November 27, 2026. (ECF No. 1, Ex. 13).

In Claim Three, Petitioner claims that he is entitled to immediate release from confinement, because the Parole Board "unlawfully and arbitrarily deprived [him]

14

of his time credit release date in violation of his right to due process." (ECF No. 1 at 12). In Claim Four, Petitioner argues that he was deprived of his right to due process because the Parole Board exceeded its statutory authority by using a rescinded regulation to deny his release. Petitioner argues that after the superintendent recommended his release, the Parole Board had an "unequivocal" duty to approve the release, but instead, it "infringed upon [Petitioner]'s right to procedural due process and exceeded its statutory authority by refusing to release him."   (ECF No. 2 at 10).

On September 23, 2025, Petitioner filed a petition for a writ of habeas corpus in the Circuit Court of Pike County, Missouri.   He claimed that he was entitled to immediate release because he was "approved" for a time credit release date of August 27, 2025, and the Parole Board unlawfully and arbitrarily deprived him of his time credit release in violation of his right to due process.

On January 20, 2026, the circuit court denied the habeas petition. The court found that under Missouri's applicable statute and regulations, administrative parole is subject to the plenary discretion of the Parole Board and, therefore, inmates have no legal entitlement to administrative parole, including Time Credit Release. Citing *Rentschler v. Nixon*, 311 S.W.3d 783, 788 (Mo. 2010), *as modified on denial of reh'g* (May 11, 2010), the court held Petitioner had no liberty interest in good time credits or in being released on his Time Credit Release date.   Petitioner appealed, and on

15

February 10, 2026, the Missouri Court of Appeals denied his appeal, and on February 19, 2026, the Missouri Supreme Court denied the appeal.

In Claims Three and Four, Petitioner again challenges Missouri courts' interpretation of Missouri law. As stated above, in conducting habeas review, a federal court is limited to deciding whether the decisions by the Missouri courts were "contrary to, or involved an unreasonable application of, clearly established *Federal law,* as determined by the Supreme Court." 28 U.S.C. § 2254(d)(1) (emphasis added). The interpretation of a Missouri statute is purely an issue of state law, and errors of state law are not cognizable on federal habeas review. *Travis*, 925 F.2d at 1097. *See also Estelle v. McGuire*, 502 U.S. 62, 67 (1991) (explaining that "it is not the province of a federal habeas court to reexamine state-court determinations on state law questions," and that a federal court conducting habeas review "is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States"). "With the exception of due process claims, state prisoners' claims of error involving ... parole ... are matters governed by state law that are not cognizable in federal habeas corpus proceedings." *Martin v. Solem*, 801 F.2d 324, 331 (8th Cir. 1986).

Petitioner also argues that the state courts' errors in interpreting § 558.041 and its regulations amounted to a due process violation, in that he was deprived of his liberty interest in good-time credits. The United States Supreme Court has

16

determined that there "is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." *Greenholtz v. Inmates of Nebraska Penal and Correctional Complex*, 442 U.S. 1, 7 (1979). However, a state's "parole statutes and regulations may create a liberty interest that is entitled to due process protection." *Marshall v. Mitchell*, 57 F.3d 671, 672 (8th Cir. 1995).

The Missouri legislature vested in the Parole Board the discretion to apply "good time" credits. The statute provides, in relevant part:

> 1. Any offender committed to the department of corrections ... *may* receive additional credit in terms of days spent in confinement upon recommendation for such credit by the offender's institutional superintendent when the offender meets the requirements for such credit as provided in subsections 3 and 4 of this section. Good time credit may be rescinded by the director or his designee pursuant to the divisional policy issued pursuant to subsection 3 of this section. ...

> 3. The director of the department of corrections shall issue a policy for awarding credit. The policy *may* reward an inmate who has served his sentence in an orderly and peaceable manner and has taken advantage of the rehabilitation programs available to him. Any violation of institutional rules or the laws of this state may result in the loss of all or a portion of any credit earned by the inmate pursuant to this section.

Mo. Rev. Stat. § 558.041 (emphasis added).

Pursuant to § 558.041.3, MDOC adopted regulations for the award of good time credits. The regulations provide that inmates "*may* be eligible to receive good time credit." 14 C.S.R. § 10–5.010(2)(A) (emphasis added). Where an inmate is

17

eligible for good time credit, the time credit is subtracted from the inmate's conditional release date, resulting in a "projected time credit release date." *Id.* The MDOC policy further provides that "[i]nmates demonstrating acceptable behavior and appropriate program involvement shall be eligible *for consideration* for administrative parole release on [their projected time credit release] date." *Id.* (emphasis added). Thus, even where an inmate is eligible for good time credits, such credits merely entitle the inmate to consideration for administrative release. *Rentschler*, 311 S.W.3d at 788 ("The board of probation and parole has plenary discretion in granting conditional release.").

The Eighth Circuit has found that Missouri's statutes do not create a liberty interest in conditional release. *Watson v. Clover*, 102 F. App'x 519, 519 (8th Cir. 2004); *Adams v. Agniel*, 405 F.3d 643, 645 (8th Cir. 2005) ("our court has held that the Missouri parole statutes create no liberty interest under state law in the parole board's discretionary decisions"). *See also Weston v. Denney*, No. 13 00120 CV W FJGP, 2014 WL 988802, at * 1 (W.D. Mo. March 13, 2014); *Walter v. Prudden*, No. 4:10-CV-2191 JCH, 2011 WL 1979606, at *1–2 (May 20, 2011).

Contrary to Petitioner' assertion, § 558.041 "does not create an entitlement to good time credit, but [it] leaves substantial discretion to the award of such credit in the Board of Probation and Parole." *Spencer v. State*, 334 S.W.3d 559, 570 (Mo. Ct. App. 2010). "Both the availability of conditional release, and the application of

18

good-time credits to reduce an inmate's period of incarceration are subject to the discretion of the Board of Probation and Parole, and an inmate accordingly has no protected liberty interest in either benefit." *Id.* at 568-68. *See also Charron v. Nixon*, 318 S.W.3d 740, 744 (Mo. Ct. App. 2010) ("the language of the statute does not indicate that the policy must award inmates with time credit; rather, it states that the policy may reward an inmate with time credit").

Finding the interpretation of Missouri Revised Statute § 558.041 is a matter of Missouri state law, and that in any event, the statute does not confer a liberty interest for purposes of due process, Petitioner is unlikely to succeed on the merits on Claims Three and Four.

### *IV. Conclusion*

The Court finds Petitioner is unlikely to succeed on the merits as to all four claims for relief that he raises in his Petition for Writ of Habeas Corpus. Petitioner's Claim One is not cognizable under 28 U.S.C. § 2254; he has failed to exhaust his claim in Claim Two; and in Claims Three and Four, he raises alleged errors of state law, and he fails to show that the state courts' decisions were contrary to, or involved an unreasonable application of, clearly established federal law. As Petitioner has failed to show a fair chance of prevailing on the merits of any of his claims, the Court need not analyze the remaining *Dataphase* factors. *Barrett v. Claycomb*, 705 F.3d 315, 325 (8th Cir. 2013).

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner Victor Vickers Jr.'s Motion for

Temporary Restraining Order is **DENIED**.   [ECF No. 5]

Dated this 13th day of May, 2026.


_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE